IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD JERMAINE JACKSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 3:25-cv-542-DWD |
| | ) |
| T. LILLARD, Warden, FCI Greenville, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Before the Court are Petitioner's Petition and Amended Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Docs. 1, 4, 5, 6). The Petitions are before the Court for a preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, which states: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *accord Mayle v. Felix*, 545 U.S. 644, 663 (2005).[1] The Petitions do not survive that preliminary review, so they are **DISMISSED with prejudice**. Due to their frivolity, Petitioner is **SANCTIONED** $200.

On July 16, 2019, Petitioner was indicted in the District of Minnesota for interference with commerce by robbery and using, carrying, and brandishing a firearm

---

[1] Rule 1(b) states, "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)." Therefore, the Rules may be applied in the context of § 2241. *See Hudson v. Helman*, 948 F. Supp. 810 (C.D. Ill. 1996) (citing *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985)).

during and in relation to a crime of violence. *See U.S. v. Jackson*, No. 19-cr-185, Doc. 1 (D. Minn. July 16, 2019). Petitioner was found guilty of those charges in September 2020 after a bench trial. *Id.* at Docs. 258 & 259. On June 24, 2021, Petitioner was sentenced to a total of 141 months of imprisonment. *Id.* at Docs. 486 & 487. Petitioner appealed, and the Eighth Circuit subsequently affirmed, the judgment. *Id.* at Docs. 491, 496, 508, 703 704, 707.

Petitioner also sought to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. *Id.* at Doc. 760. The District Court of Minnesota denied that relief on October 25, 2023. *Id.* at Docs. 785 & 787. Petitioner appealed the ruling, and the Eighth Circuit denied a certificate of appealability. *Id.* at Docs. 799, 807, 812. The Eighth Circuit also denied his request(s) to file a second or successive application under § 2255. *Id.* at Docs. 813 & 814.

Now, Petitioner is no stranger to the Court. He filed at least five other cases in the Southern District of Illinois under § 2241. *See, e.g., Jackson v. Lillard*, No. 24-cv-1151-SPM (S.D. Ill. April 22, 2024) (resulting in a dismissal, with prejudice, that was not appealed); *Jackson v. Lillard*, No. 24-cv-1225-SMY (S.D. Ill. May 6, 2024) (resulting in a dismissal under *Jones v. Hendrix*, 599 U.S. 465 (2023), with prejudice, that was not appealed); *Jackson v. Lillard*, No. 24-cv-1539-JPG (S.D. Ill. June 20, 2024) (same); *Jackson v. Lillard*, No. 24-cv-1690-NJR (S.D. Ill. July 8, 2024) (resulting in a dismissal under *Jones*, without prejudice, and warning that filing duplicative or frivolous actions warranted sanctions); *Jackson v. Lillard*, No. 24-cv-2687-NJR (S.D. Ill. Dec. 23, 2024) (resulting in a dismissal under *Jones*, with prejudice, that has not been appealed, and, in light of the prior warning in Case No. 24-cv-1690-NJR, imposing a filing sanction that deems any further petition of Petitioner rejected, 30 days after filing, unless the Court orders otherwise).

For present purposes, the Court need not look any further than the above cases to determine it "plainly appears" from the Petition that Petitioner is not entitled to relief." *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts; *Mayle*, 545 U.S. at 663. The Petition presents issues that are substantially similar to those raised in Case Nos. No. 24-cv-1225-SMY, 24-cv-1539-JPG, and 24-cv-1690-NJR. In other words, the same or similar issues were presented and summarily rejected, as frivolous and barred by *Jones*, by other members of the Court, at least one of whom warned Petitioner that filing duplicative or frivolous cases warranted sanctions. The Court will not continue to waste its valuable time and resources on issues Petitioner now knows are frivolous.

For these reasons, the Petition is **DISMISSED with prejudice**. Due to the Petition's frivolity, and with the aim of deterring further abusive conduct toward the judicial system, the Court **FINDS** it must impose a sanction on Petitioner.[2] He was

---

[2] Coincidentally, Petitioner's co-Defendant in the underlying criminal case, William Charles Graham, is also confined at FCI Greenville. He has also engaged in, and been sanctioned for, similar conduct toward the Court. *See, e.g., Graham v. Lillard*, No. 24-cv-1110-SPM (S.D. Ill. April 15, 2024) (resulting in a dismissal, without prejudice, that was not appealed); *Graham v. Lillard*, No. 24-cv-1224-JPG (S.D. Ill. May 6, 2024) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed); *Graham v. Lillard*, No. 24-cv-1540-DWD (S.D. Ill. June 20, 2024) (same); *Graham v. Lillard*, No. 24-cv-2055-NJR (S.D. Ill. Aug. 28, 2024) (same, with a warning that the continued filing of frivolous or duplicative cases could result in sanctions, and with post-judgment motions pending); *Graham v. Lillard*, No. 24-cv-2071-DWD, (S.D. Ill. Aug. 29, 2024) (same); *Graham v. Lillard*, No. 24-cv-2626-JPG (S.D. Ill. Dec. 16, 2024) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed, and, in light of the undersigned's prior warning in Case No. 24-cv-2071, a $200 sanction for the filing of meritless and/or frivolous petitions under § 2241); *Graham v. Lillard*, No. 25-cv-158-NJR (S.D. Ill. Feb. 3, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-160-DWD (S.D. Ill. Feb. 4, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-197-JPG (S.D. Ill. Feb. 11, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-198-SMY (S.D. Ill. Feb. 11, 2025) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed); *Graham v. Lillard*, No. 25-cv-559-NJR (S.D. Ill. April 14, 2025) (petition still pending); *Graham v. Lillard*, No. 25-cv-696-JPG (S.D. Ill. April 22, 2025) (resulting in a dismissal under *Jones*, with prejudice, that was not appealed, and, in light of the prior Orders in Case Nos. 24-cv-2071 and 24-cv-2626, a $200 sanction for filing a frivolous petition under § 2241); *Graham v. Lillard*, No. 25-cv-690-DWD (S.D. Ill. April 21, 2025) (resulting in a dismissal under *Jones*, with prejudice, that has not been appeal, and, in light of the prior Orders in Case Nos. 24-cv-2055-NJR, 24-cv-2071-DWD, 24-cv-2626-JPG, and 25-cv-696-JPG, a $200 sanction for filing a frivolous petition under § 2241).

warned by Chief Judge Rosenstengel, in Case No. 24-cv-1690-NJR, that filing duplicative or frivolous actions warranted sanctions. In *Alexander v. United States*, the Seventh Circuit concluded, under the inherent authority to protect against the multiplication of vexatious litigation, courts may impose a monetary sanction against one who, despite warning, fails to stop filing frivolous habeas matters. *See* 121 F.3d 312, 315-16 (7th Cir. 1997) (citing *Smith v. Gilmore*, 111 F.3d 55 (7th Cir. 1997); *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)); *see also Chambers v. Ciolli*, 19 F.4th 984, 987 (7th Cir. 2021) ("Chambers, a frequent litigant, is warned that he risks monetary sanctions if he continues to repeat in future cases these arguments that we have found to be frivolous."). In deciding upon a reasonable monetary sanction, the Court considers Petitioner's ability to pay and then selects an amount that, while serious, does not absolutely preclude him from paying the sanction.

Here, the Court is completely unaware of Petitioner's financial status. He has paid the $5.00 filing fee in each of the actions, initiated under § 2241, in the Southern District of Illinois. Further, Petitioner has not appealed any of the orders in those actions. Therefore, Petitioner has not had occasion to submit a prisoner trust fund statement in support of a request for leave to proceed *in forma pauperis*. The most the Court can say, though, is $5.00 has not kept Petitioner from filing meritless or frivolous § 2241 petitions.

Accordingly, the Court **FINDS** a $200.00 sanction is appropriate and reasonable under the circumstances. *See Alexander*, 121 F.3d at 315-16; *Chambers*, 19 F.4th at 987 (7th Cir. 2021). However, if he disagrees, Petitioner is invited to submit proof of his financial status for the purpose of demonstrating such a sanction is excessive. Petitioner is

**WARNED** that each future frivolous § 2241 petition, challenging the validity of his conviction and sentence despite *Jones*, will subject him to the same monetary sanction.

The Court understands this sanction is weak, as the Court may not use the Prison Litigation Reform Act's payment collection procedures to collect money owed in a habeas case or to refuse to accept collateral attacks. *See Alexander*, 121 F.3d at 315-16. However, if Petitioner ever encounters a legitimate reason to complain to the Court in a civil lawsuit, the monetary sanction may have some bite if it is backed up by a *Mack* order. *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995). Such an order prohibits the filing of civil cases until Petitioner pays his monetary sanctions. *See Alexander*, 121 F.3d at 315-16.

It is also true non-habeas civil litigation is not Petitioner's problem for now; instead, it is his collateral attacks on his criminal conviction, despite *Jones*, that is the problem. A *Mack* order is unlikely to stop his flow of frivolous § 2241 petitions, but such an order could have a deterrent effect in the event Petitioner changes his litigation strategy or has reason to appeal to this Court. For example, if Petitioner believed he has been the victim of a tort by a federal officer, he would need to pay his sanctions before filing a lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) & 2671-2680. Similarly, if Petitioner believed a prison medical official was deliberately indifferent to his serious medical needs, he would need to pay his sanctions before filing a lawsuit. In other words, the Court's relatively weak sanction may grow stronger over time.

Finally, pursuant to its inherent authority, the Court notes it has leeway to manage its docket and to craft a remedy tailored to the problem. *See Alexander*, 121 F.3d at 315-16. Petitioner has assaulted the Court with petitions under § 2241 and other "expedited"

5

motions. Therefore, while the Court may not prevent the filing of collateral attacks, it will refuse to file other documents in those cases until the original petition has received a preliminary review under Rule 4. Petitioner may petition the Court for relief from this Memorandum & Order two years after its entry on the docket. At that time, the Court will consider his compliance in order to determine whether relief is warranted.

For the reasons explained above, the Court **ORDERS** as follows: (1) Petitioner shall pay the Court $200.00 as a sanction for repeatedly filing meritless and/or frivolous petitions under § 2241 after *Jones*; (2) Petitioner shall have 30 days from the entry of this Memorandum & Order to demonstrate the $200.00 sanction is excessive in light of the purpose of and ability to pay monetary sanctions; (3) Petitioner shall be subject to an additional, equal sanction of $200 for each additional meritless or frivolous § 2241 petition that, despite *Jones*, challenges his conviction or sentence; and (4) Petitioner shall attach a copy of this Memorandum & Order to every subsequent § 2241 petition and to every document filed in a non-habeas civil case. The Court stresses that it may impose sanctions, up to and including a dismissal of any § 2241 petition under Federal Rule of Civil Procedure 41(b), for the failure to comply with this Memorandum & Order.

The Clerk of the Court is **DIRECTED** to return unfiled any document Petitioner tenders for filing in a non-habeas civil case until he pays, in full, the $200.00 sanction imposed in this case and in any other case stemming from this Memorandum & Order. The Clerk of the Court is **FURTHER DIRECTED** to return unfiled any document Petitioner tenders for filing in any § 2241 case challenging his conviction or sentence in *U.S. v. Jackson*, No. 19-cr-185 (D. Minn. 2019) before the Court completes its preliminary

review under Rule 4. Notwithstanding the foregoing, Petitioner may file a notice of appeal of this Memorandum & Order, a timely motion challenging the reasonableness of the $200.00 sanction, a § 2241 petition that has merit and is nonfrivolous, any document filed as a defendant in a civil or criminal case, and any documents that a rule of court or order specifically requires Petitioner to file. *See Mack*, 45 F.3d at 186. The Court stresses the foregoing sanctions are not intended to punish Petitioner; rather, they are meant to deter him from further filing meritless or frivolous § 2241 petitions and to preserve the Court's limited resources. The Court also considered, but has not found, lesser sanctions that serve the purposes of this Memorandum & Order. The sanctions imposed by this Memorandum & Order are reasonably tailored to stop the abuse of the judicial process.

If Petitioner wishes to appeal, he must do so within sixty days of the Judgment. *See* Fed. R. App. P. 4(a)(1)(B)(iii). Further, any motion for leave to appeal *in forma pauperis* must comply with Federal Rule of Appellate Procedure 24(a)(1). If Petitioner appeals and is granted leave to proceed *in forma pauperis*, he must pay at least a portion of the appellate filing fee to pursue the appeal (the amount to be determined based on Petitioner's prison trust fund account records for the past six months), irrespective of the outcome of that appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(a)(2), (e)(2). Petitioner need not obtain a certificate of appealability. *See Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). The Clerk of the Court is **DIRECTED** to enter judgment accordingly and to close the case.

**SO ORDERED.**

Dated: April 29, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge

7